[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION FOR PROTECTIVE ORDER
In this case the plaintiff seeks to depose an expert of the defendant who is about to testify in an arbitration matter closely related to and presenting some of the same issues pending in this litigation. The defendant has moved for a protective order barring the deposition since the expert hasn't been listed as a trial expert pursuant to P.B. § 220. Under P.B. § 220B discovery is not allowed regarding the type of expert defined in the rule unless there are "exceptional circumstances" or except as provided in P.B. § 229 which is not involved in this case.
Through no fault of counsel I must decide this important matter the same day it is presented to me. The arbitration hearing is imminent. CT Page 10011
Our rule P.B. § 220B in effect uses the same language as Federal Rule of Civil Procedure 26(b)(4) from which it was derived. Section 2032 of Federal Practice Procedure,
Wright Miller sets out the policy behind and collects the cases that have arisen under the federal rule. It is true that "exceptional circumstances" in the federal cases are defined to cover situations where a non-trial expert has examined a physical item or condition whose characteristics have changed over time. In those cases federal courts have allowed discovery directed at experts although they are not going to testify at trial.
I agree with that authority but regard this case as a waiver not an "exceptional circumstances" case. The defendant is, of course, not obligated to present this expert's testimony at the arbitration hearings. Once it has done so it is clear reading § 218 and § 243 et seq. together that the defendant could not rely on P.B. 220(B) to preclude discovery including the taking of a deposition. The parties cannot represent to a certainty that a decision in arbitration, no matter how it is decided, will preclude any court litigation. It can't be said with any certainty whether and under what circumstances if that is true, the testimony of this expert will or will not be permitted to be used at any trial. That being the case giving the discovery rules the liberal interpretation they are meant to have and the purposes behind Rule 26(b)(4) and thus P.B. § 220(B), the motion for protective order is denied.
Corradino, J.